2002 OK 91

**Jennifer Ann KERBY, Plaintiff/Appellee,**

v.

**Robert Christopher KERBY, Defendant/Appellant.**

**No. 95,199.**

Supreme Court of Oklahoma.

Nov. 26, 2002.

M. Joe Crosthwait, Roger Terrell Reneau, Midwest City, OK, for the Appellant.

William Edward Liebel, James Thomas Gorton, Oklahoma City, OK, for the Appellee.

HODGES, J.

¶ 1 There are two issues presented for this Court's review: (1) In cases where the parent's combined income exceeds the child support guideline table (above table cases), whether a substantial increase in one parent's income is a material change of circumstances allowing review of an existing child support award without a showing of change in children's needs; and (2) Whether the appellee is entitled to appeal-related attorney fees. We answer both issues in the affirmative.

## I. FACTS

¶ 2 When Jennifer Ann Kerby (Mother) and Robert Christopher Kerby (Father) were divorced in 1995, they had two minor children. At that time, the parties' combined monthly income exceeded $10,000.00 per month, the maximum addressed by the child support guideline table. See Okla. Stat. tit. 43, § 119 (1991). Father's income was approximately $125,000.00 a year, and Mother's income was about $21,000.00 a year. Father's share of support was calculated at ninety percent of the total. At the time of the · existing award, Father's monthly payment to Mother for child support would have been more than $1,422.46 including the $216.00 payment for child care according to the child support guideline worksheet attached to the judgment. The parties entered into an agreement providing that Father would pay $1,500.00 per month in child support. Payment of the children's medical insurance was deducted from the amount owed Mother for support. Father additionally agreed to pay for the children's college tuition and fifty percent of the their equestrian activities. Plus, he agreed to maintain a life insurance policy for the children's benefit until both children reached twenty-two years of age. Mother's income has not substantially changed since the $1,500.00 award. Father's income has increased to about $500,000.00 a year. Father continues to pay the $1,500.00 even though Mother no longer pays child care fees.

¶ 3 In June of 1999, Mother filed a motion to modify the child support based on the increase in Father's income. Mother asserted that this increase resulted in a material change of circumstances warranting modification of child support and that an increase in child support would be in the children's best interest by enhancing their lifestyle.

¶ 4 Father filed a response and cross-motion to modify. Father asserted, among other things, that the current child support amount was more than sufficient to meet the children's reasonable needs. Father claimed that because the needs of the children had not increased since the divorce, the court lacked authority to modify the existing award. The only issue presented for this Court's review is the court's authority to modify the existing award.

¶ 5 The trial court denied both parent's motions to modify the monetary award of child support. Mother appealed the trial court's decision again asserting that a substantial increase in one party's income alone is a material change of circumstances warranting modification of the child support award. The Court of Civil Appeals agreed with Mother and remanded the issue back to the trial court for further proceedings. We granted Father's petition for certiorari.

## II. A DISTRICT COURT'S AUTHORITY TO MODIFY

¶ 6 There are two steps in the process of a child support award's modification. Before a court has authority to review an existing child support award, there must have been a material change in circumstances. Okla. Stat. tit. 43, § 118(E)(16)(a)(1) (2001). After establishing a material change of circumstance, the moving party must show that, under the facts, modification of the existing award is warranted. Huchteman v. Huchteman, 1976 OK 174, ¶ 27, 557 P.2d 427, 430.

¶ 7 Oklahoma has established child support guidelines which follow the income-shares approach model for calculating child support amounts. See Okla. Stat. tit. 43, §§ 118, 119. (2001). The guideline table establishes the financial needs of children based on their parents' ability to pay. Id.;

*Archer v. Archer,* 1991 OK Civ App 28, ¶ 9, 813 P.2d 1059 (approved for publication by the Supreme Court). When parental income exceeds the guideline table, the children's minimum financial needs are set by the guidelines and needs over the minimum are based upon the circumstances of each case. Okla. Stat. tit. 43, § 119(B) (2001); *Archer,* 1991 OK Civ App 28 at ¶ 10, 813 P.2d at 1061. Though not exhaustive, in cases where the combined income exceeds the table, the trial court should consider three factors in its initial award: (1) the children's needs, (2) the parents' ability to pay, and (3) prior standard of living. In cases that fall within the table, these factors are determined by use of the table with little discretion for deviation. Where the parents' income exceeds the maximum addressed by the table, a determination of the children's needs and the parents' ability to pay in excess of the tables' standards are within the trial court's discretion. Okla. Stat. tit. 43, § 119(B) (2001). In cases where the parents' income falls within the guideline table, as well as those whose incomes exceed the table, each parent's income is a factor in apportioning the responsibility for meeting the children's needs. The parents' income is a substantial factor considered in the initial child support award because it impacts the decision regarding the children's needs and the determination of the amount of financial responsibility each parent should bear. Because the parents' income is a fundamental factor in the initial award, a significant change in the income is material even where there is no change in the children's needs.

 ¶ 8 In *Stephen v. Stephen,* 1997 OK 53, ¶ 12, 937 P.2d 92, 97, this Court recog-nized that a significant change of income, without a showing of change in need, warranted modification of a child support award. In *Stephen,* the mother had been awarded primary custody of the children with the parents agreeing to the amount of support the father would pay. Subsequently, the mother decided to remove the children from the public school system and home school them. The decision resulted in her income decreasing from $50,000.00 at the time of the existing award to no income. She moved to increase the monetary amount of child support. The trial court imputed $50,000.00 income to the mother, the amount allocated to her under the existing award. This Court found that imputing $50,000.00 income to the mother was an abuse of discretion, reversed the trial court, and ordered the trial court to set a fair and equitable amount of child support. By implication, the significant decrease in the mother's income was a circumstance warranting review and modification of the existing award in a case falling within the guideline table. Similarly, a significant increase in a parent's income is a material change of circumstance warranting review of an existing award. Because income is a factor used for setting child support in cases falling within the guideline table as well as cases where the parents' income exceeds the table, a significant change in a parent's income alone is a material change of circumstance warranting review of an existing child support award.

¶ 9 Some jurisdictions have legislatively defined the amount of income variation which would give rise to a material change in circumstances.[1] Oklahoma does not have a

---

1. Ariz.Rev.Stat. § 25–320(b) (2001) (Fifteen percent or more deviation from amount of existing award "is considered prima facie evidence of substantial and continuing change of circumstances."); Colo.Rev.Stat. § 14–10–122 (2001) (A less than ten percent change in amount of monthly support is "deemed not to be a substantial and continuing change of circumstances" implies that a change of ten percent or more is a substantial and continuing change of circumstance.); Conn. Gen.Stat. § 46b–86(a) (2001) (A fifteen percent or more deviation from the guidelines creates a rebuttable presumption.); D.C.Code Ann. § 16–916.01 (2001) (A deviation which results in a fifteen percent or more variation from the previous award creates a presumption of "a substantial or material change of circumstances warranting· a modification."); 750 Ill. Comp. Stat. 5/510 (2001) ("An order for child support may be modified ... upon a showing of an inconsistency of at least 20%, but no less than $10 per month, between the amount of the existing order and the amount of child support that results from application of the guidelines."); Ky. Rev.Stat. Ann. § 403.213(2) (Banks–Baldwin 2001) (A modification which would result in a fifteen percent or more monthly award "shall be rebuttably presumed to be a material change in circumstances."); Me.Rev.Stat. Ann. tit. 19A, § 2009 (2001) (A fifteen percent variation from support obligation determined under the state's guidelines is considered a substantial change in circumstances.); Minn.Stat. § 518.64 (2001) (A minimum of twenty percent and $50 a month difference between the existing award and an award calculated under the guidelines creates a

statutorily defined amount of change in a parent's income, deviation from an existing award, or deviation from the guideline table which would constitute a material change of circumstance. The Oklahoma Legislature has left the courts with discretion to determine the amount of change in income which would be material. Okla. Stat. tit. 43, § 119(B) (2001). In the present case, Father's income has increased four hundred percent from about $125,000.00 a year to $500,000.00 a year. This significant increase is a material change in circumstances allowing review of the existing award.

 ¶ 10 Father argues the mere change in income does not require modification of the monetary award. We agree. A trial court is not obligated to modify an award when a material change has occurred but must consider all the relevant factors including the needs of the children at the time of the modification and the parents' income.

¶ 11 Father's income has increased nearly four times what it was at the time of the divorce. Courts are not required to provide opulence and excess in an award for child support. If a custodial parent's income significantly increases, the children will surely benefit by an enhanced lifestyle. Likewise, the children should benefit from a significant increase in a non-custodial parent's income. Therefore, it was error for the trial court to exclude Mother's evidence of the children's projected needs. Okla. Stat. tit. 12, § 2402 (2001). On remand, the trial court should consider the children's needs at the time of the modification, not at the time of the decree and determine whether modification of the current amount of child support is warranted.

## III. APPEAL–RELATED ATTORNEY FEES

 ¶ 12 Mother has filed a motion for appeal-related attorney fees. "Appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court." *Daniel v. Daniel,* 2001 OK 117, ¶ 24, 42 P.3d 863, 872. Title 43, subsection 110(D) of the Oklahoma Statutes provides: "Upon granting a decree of divorce or separate maintenance, the court may require either party pay such reasonable expenses of the other as may be just and proper under the circumstances." This provision has been applied in requests for modification of existing orders for child support. *Daniel,* 2001 OK 117, 42 P.3d 863.

 ¶ 13 An award of appeal-related attorney fees is not dependant on prevailing party status but whether equities warrant the award. *Id.* at 2001 OK 117 at ¶ 24, 42 P.3d at 872. Relevant factors are the financial means of a party and whether one party's claims are frivolous. *Abbott v. Abbott,* 2001 OK 31, ¶ 12, 25 P.3d 291, 294.

¶ 14 In the present case, Mother asserts that an award for appeal-related attorney fees is warranted based on the non-frivolous nature of her claim and her current financial condition. While Father, on the other hand, asserts that an award for appeal-related services is not warranted. Without citing authority, Father claims that the financial condition of the parties should play no role in the Court's determination of an award.

¶ 15 In the present case, Mother's motion to modify was not frivolous. Father's increase in income was a significant change in circumstances, giving rise to Mother's motion to modify. Further, there is considerable

presumption of a substantial change in circumstances.); Mo.Rev.Stat. § 210.845 (2001) (A twenty percent deviation from existing amount of support is prima facie evidence of change of circumstances.); N.M Stat. Ann. § 40–4–11.4(A) (2001) (A deviation of more than twenty percent of existing support obligation after one year from previous award creates presumption of material and substantial change in circumstance.); Tex. Fam.Code Ann. § 156.401(a)(2) (2001) (Modification of support is warranted by twenty percent or $100 deviation from current monthly guidelines.); Utah Code Ann. § 78–45–7.2(7)(b)(iii)

(2001) (A substantial change in circumstances include "material changes of 30% or more in the income of a parent."); Wyo. Stat. Ann. § 20–2–311 (Michie 2001) (If application of "presumptive child support" to parents' circumstances changes current monthly amount by twenty percent or more, "the court shall consider there to be a change of circumstances sufficient to justify the modification."). Of these, only the Texas statute addresses a change in income. The other statutes apply only if there is a deviation from the states' guideline.

disparity in the respective incomes and net worth of the parties. Based on these equitable considerations, we find that appeal-related attorney fees should be awarded Mother at an amount determined by the trial court on remand.

## IV. CONCLUSION

¶ 16 The significant increase in Father's income was a material change of circumstances allowing the court to review the existing child support award. Although a factor in determining whether a change in the amount of child support is appropriate, a showing of the change in the children's needs was not necessary for the court to have authority to review the existing award. The trial court erred in excluding evidence of the children's projected needs based on the increase in Father's income. The Court of Civil Appeals' opinion is vacated. The judgment of the trial court is reversed. The matter is remanded to the trial court for a determination of whether a modification of the existing child support order is warranted and, if so, in what amount considering evidence of the children's projected expenses.

COURT OF CIVIL APPEALS' OPINION VACATED; JUDGMENT OF TRIAL COURT REVERSED; CASE REMANDED WITH INSTRUCTIONS.

¶ 17 WATT, V.C.J., LAVENDER, OPALA, BOUDREAU, WINCHESTER, JJ., concur.

¶ 18 KAUGER, SUMMERS, JJ., concur in result.