2005 OK 77

Charles A. PHILLIPS, personal representative of the Estate of Joan F. Phillips, formerly Joan F. Hedges, deceased. Plaintiff/Appellant,

v.

Edward Lane HEDGES, Defendant/Appellee.

No. 100,302.

Supreme Court of Oklahoma.

Nov. 1, 2005.

229

Barry K. Roberts, Norman, OK, and James M. Levine, Oklahoma City, OK, for the appellant.

Scott A. Hester and Jon L. Hester, Hester Schem Hester & Batson, Oklahoma City, OK, for the appellee.

TAYLOR, J.

¶ 1 The issues before this Court are: (1) Whether title 12, subsection 727(C),[1] a general statute providing for yearly compound interest on judgments, applies to delinquent child support payments; (2) Whether the trial court erred by failing to calculate the amount of accrued interest owed on delinquent child support payments at the time it entered the order; (3) Whether the district court erred in the schedule it established for paying delinquent child support payments; and (4) Whether the appellant is entitled to appeal-related attorney fees.

¶ 2 The plaintiff, Joan F. Phillips (Mother),[2] appealed the district court's order set-

---

1. In 2004, the Oklahoma Legislature amended title 12, section 727 and added title 12, section 727.1. 2004 Okla. Sess. Laws 1670–73. The 2004 amendments to subsection 727(A) and (C) are unchanged from the 2001 version. Subsections 727(A) and (C) are substantively equivalent to subsections 727.1(A) and (C) respectively. Therefore, we need not address which provision is applicable here and will refer only to subsections 727(A) and (C).

2. Based on Mother's death, Father filed a motion to dismiss this appeal. This Court ordered that the parties proceed in the district court pursuant to title 12, subsection 2025(A). The district court named Charles A. Phillips as personal representative of Mother's estate, and he was substituted as the party appellant. The Court of Civil Appeals denied the Father's motion to dismiss. The parties did not petition for review of the denial of this motion, and it is not before us. Okla. Sup. Ct. R. 1.180, 12 O.S.2001, ch. 15, app. 1. The

ting the schedule for delinquent child support payments and providing the arrearage should draw simple interest rather than compound interest. The Court of Civil Appeals found that the interest on the arrearage should have been compounded and that the district court erred in the payment schedule. The Court of Civil Appeals also found that the trial court's order should have included the amount of interest which had accrued at the time the order was entered. The defendant, Edward Lane Hedges (Father), filed a petition for certiorari, which this Court granted.

## I. FACTS

¶ 3 When Mother and Father were divorced in 1988, they had three minor children. The divorce decree provided for Father to pay monthly child support of $648.00. The oldest child reached majority in 1991, the second in 1995, and the third in 1997.

¶ 4 Father did not make the payments as provided in the decree. Mother filed for contempt against Father for his failure to pay child support. The trial court recast the proceeding as one for satisfaction of past-due and unpaid child support obligation and denied Mother relief based on the defenses of laches and waiver. *See Hedges v. Hedges*, 2002 OK 92, ¶ 3, 66 P.3d 364, 367 (*Hedges I*). Mother appealed, and this Court retained that appeal for disposition. *Id.* ¶ 4, 66 P.3d at 367. In *Hedges I*, this Court found that the trial court erred in allowing the laches defense and remanded the matter to the trial court for further examination of the waiver issue. *Id.* ¶ 27, 66 P.3d at 374.

¶ 5 On remand, Mother filed a motion to determine the amount of collectable child support arrearage. She attached an exhibit in which she calculated the interest through December 4, 2002 at $26,859.19 and the total amount owed at $84,290.97. Using subtraction, we determine $57,431.78 of the total to be for actual unpaid child support payments. She compounded the interest monthly and added an extra $648.00 of principal when calculating the interest due for the month. Father stipulated he owed $42,257.00 in un-

paid child support but objected to the interest being compounded.

¶ 6 After a hearing, the trial court awarded Mother $42,257.00 for unpaid child support, ordered interest to accrue at ten percent per year pursuant to title 43, section 114, and ordered the interest not be compounded. Also the trial court found the parties had stipulated Father could not pay the arrearage within the statutory thirty-six months, *see* 43 O.S.2001, § 137(C), and ordered Father to pay $400.00 a month for the first twelve months and then to pay $600.00 per month until the amount owed is paid. As the Court of Civil Appeals noted, the order does not include the actual amount of interest accrued at the time it was entered.

¶ 7 Mother filed a motion to modify and for a new trial. She asked that Father be required to obtain a life insurance policy for the amount owed and with her as the beneficiary. Also, she renewed her request for compounding the interest on the child support arrearage. Mother contended the payment schedule results in a sixteen year payoff period and asked for a shorter payment period. She attached a payment schedule which shows a payoff period of over fifteen years. On its face, we find it is inaccurate. For example, she computes the interest on the principal amount of $78,949.05, but it should be computed on $42,257.00. Further, she admits the amounts do not include reductions in balance during the year and accrual of additional interest. The trial court denied Mother's request to modify the payments and to compound the interest. It also declined to require Father to obtain a life insurance policy with her as the beneficiary, providing the Father maintained his employment-related, group insurance policy with a face value of $50,000.00 and with his children as the beneficiary. The record on appeal does not contain any transcripts for our review.

## II. STANDARD OF REVIEW

 ¶ 8 The first issue of whether interest should be compounded and the second issue of whether the order must state the

term plaintiff will refer to Mother and her es- tate's personal representative where applicable.

amount of accrued interest are questions of law and are reviewed *de novo.* *Conoco Inc. v. Agrico Chemical Co.*, 2004 OK 83, ¶ 9, 115 P.3d 829, 833. The third issue of whether the trial court erred in the child support payment schedule is of equitable cognizance. *Merritt v. Merritt*, 2003 OK 68, ¶ 7, 73 P.3d 878, 881–82. In matters of equitable cognizance, the trial court's decision will not be disturbed unless the trial court's findings were against the weight of the evidence or it otherwise abused its discretion. *Id.*

### III. INTEREST ON CHILD SUPPORT ARREARAGE

■ ¶ 9 Mother argues that title 12, subsection 727(C) of the Oklahoma Statutes, providing for compound interest on certain judgments, applies to delinquent child support payments. She reasons that a delinquent child support payment is transformed into a judgment by operation of law, *see* 43 O.S. 2001, § 137(A), and should draw compound interest pursuant to title 12, subsection 727(C). Father argues title 12, subsection 727(C) conflicts with title 43, section 114 of the 2001 Oklahoma Statutes. He reasons because title 43, section 114 is a specific statute which provides for simple interest on delinquent child support payments, it controls over title 12, section 727(C), a general statute. We agree with Father.

■ ¶ 10 Title 43, section 114 provides: "Court-ordered child support payments and court-ordered payments of suit moneys shall draw interest at the rate of ten percent (10%) *per year* from the date they become delinquent." (Emphasis added.) We construed similar language in *Lee v. Volkswagen of America, Inc.*, 1987 OK 80, ¶¶ 6–8, 743 P.2d 1067, 1069. The 1971 version of title 12, section 727 provided: "All judgments of courts of record shall bear interest, at the rate of ten percent (10%) per annum, from the date of rendition...." We determined that nothing in this language implied a legislative intent that interest be compounded. *Id.* ¶ 7, 743 P.2d at 1069. Similarly, we find nothing in title 43, section 114's language which would imply a legislative intent that interest be compounded, rather the intent is for delinquent child support payments to

draw simple interest, whether or not memorialized in a court order.

¶ 11 Title 12, subsection 727(A)(1) provides: "Except as otherwise provided by this section, all judgments of courts of record ... shall bear interest at a rate prescribed pursuant to this section." Subsection 727(C) provides for the accrued postjudgment interest, together with the judgment, to draw interest at a variable rate.

■ ¶ 12 A conflict results between title 43, section 114, applying ten percent simple interest specifically to delinquent child support payments and title 12, subsection 727(C), providing for annual compounding of interest at a variable rate. When there is a conflict between two statutes, one specific and one general, the statute enacted for the purpose of dealing with the subject matter controls over the general statute. *King v. King*, 2005 OK 4, ¶ 22, 107 P.3d 570, 579. Because title 43, section 114 specifically deals with interest on delinquent child support payments, it controls in the present case. The trial court correctly determined interest on the $42,257.00 in unpaid child support should accrue at ten percent per year and should not be compounded.

### IV. FAILURE TO CALCULATE PREJUDGMENT INTEREST

■ ¶ 13 The Court of Civil Appeals found error in the trial court's failure to calculate prejudgment interest. Because prejudgment interest is an item of damages and an integral part of the total adjudged liability, the amount of prejudgment interest must be included in a judgment. *May–Li Barki, M.D., Inc. v. Liberty Bank & Trust, Co.*, 1999 OK 87, supp. opinion ¶ 4, 20 P.3d 135, 142–43. Postjudgment interest is "a continuing obligation *that runs at the statutory rate from the date of judgment until paid,*" and, unlike prejudgment interest, need not be reduced to a lump sum and included in a judgment. *Id.* A court-ordered child support payment becomes a judgment by operation of law on the date that it becomes past due. 43 O.S.2001, § 137(A). A court may later enter an order reducing the

judgment to writing, but all interest is post-judgment interest which begins to accrue immediately upon the payment becoming delinquent. *Id.* § 114. Thus, there is no prejudgment interest on delinquent child support payments. We do not find error in the trial court's order omitting a lump-sum amount of postjudgment or prejudgment interest. *See May–Li Barki, M.D., Inc.,* 1999 OK 87, 20 P.3d 135, supp. opinion ¶ 4, 20 P.3d at 142–43.

### V. PAYMENT SCHEDULE

¶ 14 Mother alleges and the Court of Civil Appeals found that the trial court erred in its payment schedule. Title 43, subsection 137(C) requires the trial court to make specific findings of fact supporting an arrearage payment schedule which exceeds three years. Complying with this provision, the trial court accepted the parties' stipulation that Father was unable to pay the arrearage and interest within three years. The trial court then ordered that the arrearage be paid in a manner, according to Mother, that the Father's obligation would not be met for sixteen years and that the monthly payments were less than the $648.00 monthly child support payment.

¶ 15 It is the appellant's burden to produce a record supporting her allegation of error. *Fleck v. Fleck,* 2004 OK 39, ¶ 13, 99 P.3d 238, 241. Because neither a transcript nor a narrative statement is included in the record, appellate review is confined to the documents filed of record and designated for review and the facts to which both parties agree. *Id.* ¶ 2, 99 P.3d at 239.

¶ 16 The gist of Mother's argument is that public policy dictates that Father's monthly payment on the arrearage should at least equal the monthly child support payment; thus, the trial court abused its discretion when it set the payments at less than the $648.00 monthly child support award. Mother argues to allow payments of the arrearage in a lesser amount rewards the obligor and encourages delinquent payments. This argument ignores title 43, section 114's additional burden of ten percent interest placed on a person who fails to make timely child support payments. The children have all reached

majority. The payment here is not for the minor children's support. It is a payment to the deceased mother's estate which is accruing **ten percent interest.** Mother's reasoning is unsupported by any evidence that the trial court's payment schedule violates public policy. On the record provided for review, we do not find error in the trial court's payment schedule.

### VI. ATTORNEY FEES

¶ 17 Mother filed a motion for appeal-related attorney fees after the Court of Civil Appeals issued its opinion but before Father filed his petition for certiorari. It has not been previously addressed. Appeal-related attorney fees are recoverable if there is statutory authority for an award of attorney fees in the trial court. *Kerby v. Kerby,* 2002 OK 91, ¶ 12, 60 P.3d 1038, 1042. An award of attorney fees in the trial court is authorized by title 43, subsection 110(D). The award of appeal-related attorney fees in this appeal is not dependent on prevailing party status, but on whether equities warrant the award. *Id.* ¶ 13, 60 P.3d at 1042. Two relevant factors in balancing the equities are the merit of the claims and the parties' financial conditions. *Id.*

¶ 18 As to the first factor, we cannot say Mother's appeal-related claims were totally frivolous. As to the second factor, Mother has failed to produce any evidence of her financial position. Father's inability to pay the arrearage and interest within three years favors denying the motion. Mother has failed to show that the equities, particularly the parties' financial conditions, warrant an award of appeal-related attorney fees. Mother's motion for appeal-related attorney fees is denied.

### VII. CONCLUSION

¶ 19 Title 43, section 114 of the 2001 Oklahoma Statutes controls the percent of interest on delinquent child support payments. Section 114 allows simple interest at the rate of ten percent per year and applies to delinquent child support payments. Mother has

failed to point to any reversible error regarding the trial court's payment schedule or the trial court's failure to include the amount of accrued interest in the order. Mother is not entitled to appeal-related attorney fees. We vacate the Court of Civil Appeals' opinion and affirm the trial court's order.

COURT OF CIVIL APPEALS' OPINION VACATED; TRIAL COURT'S ORDER AFFIRMED; MOTION FOR APPEAL–RELATED ATTORNEY FEES DENIED.

¶ 20 ALL JUSTICES CONCUR.