2007 OK 35

**Jennifer Ann KERBY,**
**Plaintiff/Appellant/Counter Appellee,**

v.

**Robert Christopher KERBY,**
**Defendant/Appellee/Counter**
**Appellant.**

**No. 99,970.**

Supreme Court of Oklahoma.

May 15, 2007.

M. Joe Crosthwait, Jr., and Traci L. Soderstrom, The Crosthwait Law Firm, Midwest City, OK and Laura Haag McConnell, Hartzog, Conger, Cason & Neville, Oklahoma

to the trial court. Id. 445 U.S. at 408, 100 S.Ct. 1202.

City, OK, for Plaintiff/Appellant/Counter Appellee.

William E. Liebel, James T. Gorton, Oklahoma City, OK, for Defendant/Appellee/Counter Appellant.

## WINCHESTER, C.J.

¶ 1 There are two issues dispositive of this appeal: (1) Whether the trial court erred in refusing to consider evidence of Father's lifestyle in setting the increase in child support; and (2) Whether the trial court erred in setting the effective date for the awarded increase in support as the date Mother filed her motion to modify. We find no error and affirm the trial court's ruling.

## *FACTS*

¶ 2 After nearly six years of marriage, Jennifer Ann Kerby (Mother) and Robert Christopher Kerby (Father) divorced in 1995. The Journal Entry and Decree of Divorce ("Divorce Decree"), entered July 11, 1995, granted custody of the couple's two daughters to Mother.[1] At the time of the divorce, Mother's income was approximately $21,000.00 per year, and Father's income was about $125,000.00 per year, combining for a monthly income that exceeded the child support guidelines. *See* 43 O.S.1991 119. The parties agreed and support was entered requiring Father to pay $1,500.00 per month.[2]

¶ 3 In June 1999, Mother filed a motion to modify the child support provisions of the Divorce Decree. Mother asserted that Father's annual income had significantly increased and that an increase in child support would be in the best interests of the children "allowing them to have the lifestyle that befits them." At the time Mother filed the motion to modify, Father's income had in-

creased to about $500,000.00 per year while Mother's income generally remained the same. Mother requested an increase in child support to approximately $8,000.00 per month. Father opposed the motion to modify arguing that the current support amount was sufficient to meet the children's reasonable needs.[3]

¶ 4 Upon Father's objection at trial, the court refused Mother's proffered exhibit showing projected expenses and instead limited it to an offer of proof. The trial court subsequently denied Mother's request for increased support. Mother appealed the matter which resulted in our opinion in *Kerby v. Kerby*, 2002 OK 91, 60 P.3d 1038 (*Kerby I*).

¶ 5 In *Kerby I*, we held that the "significant increase in Father's income was a material change of circumstances allowing the [trial] court to review the existing child support award." *Kerby I*, 2002 OK 91 at ¶ 16, 60 P.3d at 1042. We further held that although the change in income alone does not obligate the trial court to modify the award, it was error for the trial court to exclude Mother's "evidence of the children's projected needs based on the increase in Father's income." *Kerby I*, 2002 OK 91 at ¶¶ 10 and 16, 60 P.3d at 1041, 1042. The Court reasoned that a child should enjoy an enhanced lifestyle when one of the parents, custodial or not, experiences a significant increase in income. *Kerby I*, 2002 OK 91 at ¶ 11, 60 P.3d at 1041. Thus, we remanded the matter back to the trial court for a consideration of all relevant factors, including "the children's needs at the time of the modification, not at the time of the decree" to determine if "modification of the current amount of child support is warranted."[4] *Kerby I*, 2002 OK 91 at ¶ 11, 60 P.3d at 1041.

---

1. At the time of the divorce, the children were 2 and 5 years old.

2. In addition to his monthly obligation of support, Father agreed to pay "fifty (50) percent of any dues, fees, charges or assessments by any third party as a result of either minor child of [the] marriage participating in any equine activities." Father also agreed to pay medical insurance premiums for the children as well as Mother, provide actual tuition expenses for the children's post-secondary education, and to

maintain a life insurance policy benefiting the children until the youngest reaches age 22.

3. Father also filed a cross-motion to modify requesting modifications and/or clarifications to the Divorce Decree.

4. We also granted Mother's request for appeal-related attorney fees, finding that "Mother's motion to modify was not frivolous" and considering other equitable factors such as the "considerable disparity in the respective incomes and net

¶ 6 After remand, Father moved for a protective order after Mother sought to discover evidence of the "current lifestyle of the Father and his children with his new wife." While Mother argued such information was necessary to determine what type of support the children deserved, Father argued "that any aspect of [his] 'lifestyle' or assessment thereof has no bearing" in a modification hearing. Father also objected to providing information regarding his current income.[5] Father stipulated to the ability to pay any reasonable amount of child support ordered by the trial court. Mother responded and moved to compel the requested income and lifestyle information.

¶ 7 The trial court granted Mother's motion to compel Father to provide his tax returns and current income information finding such information relevant based on this Court's mandate in *Kerby I*. However, with respect to discovery into Father's lifestyle, the trial court ruled that, with the knowledge of Father's current income and his stipulation to the ability to pay any reasonable amount of support, such information was not relevant to this case.[6] As such, Mother made an offer of proof on such evidence at trial.

¶ 8 Through discovery after remand, it was learned that Father's income had risen to nearly $1.3 million dollars annually, roughly ten times more than it was at the time of the divorce. Mother increased her demand of projected expenses to approximately $10,000.00 per month. Father again argued that the original child support order was sufficient for the children's reasonable expenses, casting mother's projected expenses as "ridiculous."

¶ 9 After trial, the court ruled that a modification was indeed warranted based on the evidence and increased the child support from $1500.00 per month to $2800.00 per month. The trial court set the effective date of the increase as the date of Mother's mo-

tion to modify and ordered Father to pay an arrearage of $62,400.00 calculated upon $1300.00 per month increase for forty-eight (48) months.

¶ 10 Mother appealed the trial court's denial of evidence relating to Father's lifestyle and Father appealed the trial court's determination of the effective date of the increase. The Court of Civil Appeals (COCA), Division III, agreed with the trial court that an increase was warranted and that its effective date was the date Mother filed the motion to modify but held that the court abused its discretion in failing to consider evidence regarding Father's lifestyle. COCA remanded the case back to the trial court, ordering it to "evaluate what amount of child support is warranted based upon the parties' incomes and lifestyle at the time modification was sought." We granted certiorari.

## I. Modification of Child Support

■ ¶ 11 Mother argues that because Father's income has increased, her children are entitled to live in the same lifestyle as Father. In support of her argument, Mother relies on this Court's opinion in *Kerby I* wherein we stated that the children should benefit, in the form of an enhanced lifestyle, from the significant increase in their Father's income. *Kerby I*, 2002 OK 91 at ¶ 11, 60 P.3d at 1041. Mother stretches this language and argues that this Court deemed Father's lifestyle a relevant factor in this modification proceeding. Mother's argument is misguided.

¶ 12 While we do not deny that lifestyle of the parents may be a relevant factor in certain cases, lifestyle was not an issue before this Court in *Kerby I*. Moreover, this Court has never held that lifestyle is a requisite factor in all modification cases. To the contrary, in cases such as this, where Father's monthly income alone is above the maximum child support guidelines, the Legislature has left the courts with discretion to determine

worth of the parties." *Kerby I*, 2002 OK 91 at ¶ 15, 60 P.3d at 1041–1042.

5.  Father also requested the court compel Mother, among other things, to provide an accounting for how she spent the child support.

6.  Although a transcript from the May 30, 2003, hearing addressing the parties' motions is included in the appellate record, no order memorializing the rulings at that hearing is provided for review.

the factors for setting child support above the guideline amounts. 43 O.S.2001 119 (B); *Kerby I,* 2002 OK 91 at ¶ 9, 60 P.3d at 1041.

¶ 13 Taking into account all relevant factors as instructed by *Kerby I,* the trial court found evidence of Father's lifestyle to be irrelevant in this case. The court determined that evidence of Father's income, Father's stipulation to the ability to pay any reasonable amount of child support, and evidence of the children's projected needs, were sufficient factors to award an increase in support without hearing evidence of the lifestyles of Father and his new family. Based on these facts, we find no error in the trial court's decision.

## II. Arrearage Award

¶ 14 Father contends the trial court erred in setting the effective date for the increase as the date Mother filed the motion to modify. When modification of child support is ordered, Oklahoma law provides that:

An order of modification shall be effective upon the date the motion to modify was filed, unless the parties agree to the contrary or the court makes a specific finding of fact that the material change of circumstances did not occur until a later date.

43 O.S.2001 118 (E)(16)(a)(4). In the instant matter, the trial court complied with § 118 and specifically determined the effective date for the increase in child support to be the date of filing of Mother's motion to modify. The court, relying on *Kerby I,* found the significant increase in Father's income to be the material change of circumstance initiating the modification process and, therefore, ordered Father to pay an arrearage of $62,400.00.[7] The court further stated that even if the increase in income did not suffice as the "material change of circumstances" required under § 118, a material change re-

sulted nevertheless with the finding that "the children's needs were $2,800.00 back in June, 1999, when the motion to modify was filed."

¶ 15 Father argues the material change in circumstance allowing the arrearage must be based on the increased needs of the children and not on the increase in his income. Because Father claims the expenses had not yet been incurred on behalf of the children, he claims the trial court's award of an arrearage is nothing more than a windfall to Mother.

¶ 16 Father is incorrect on several points. First, Father's argument is moot as the trial court specifically found both, the material increase in income and the change in the children's needs, to have occurred at the time of the filing of Mother's motion to modify. The trial court weighed the parties' evidence regarding actual and projected expenses and specifically determined that the children's needs as of the time of the modification were $2800.00. Moreover, as this Court has previously held, a significant change in income *can* be the sole basis warranting modification of a child support award. *Kerby I, 2002 OK 91* at ¶¶ 7 and 8, 60 P.3d at 1041; *Stephen v. Stephen,* 1997 OK 53, ¶ 12, 937 P.2d 92, 97. We find no abuse of discretion in this determination, as it is supported by the record, and uphold the trial court's ruling in this regard.

## III. Appeal–Related Attorney Fees

¶ 17 Mother has moved for attorney fees incurred on appeal. Appeal-related attorney fees are recoverable if statutory authority exists for their award in the trial court. *Kerby I,* 2002 OK 91 at ¶ 12, 60 P.3d at 1041. Title 43 O.S.2001 110 provides for the award of counsel fees in divorce and subsequent related actions.[8] However, counsel fees claimed pursuant to § 110 do not depend on

---

7. The trial court calculated the arrearage by taking the $1300 monthly increase in child support and multiplying it by forty-eight (48) months, back to the time of filing of the motion to modify.

8. Title 43 O.S.2001 110 provides in pertinent part:
"... C. Upon granting a decree of divorce or separate maintenance, the court may require either party to pay such reasonable expenses of the

other as may be just and proper under the circumstances.
D. The court may in its discretion make additional orders relating to the expenses of any such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the divorce action made for the benefit of either party or their respective attorneys."

one's status as the prevailing party. Rather, they are awarded to the litigant who qualifies through the balancing of judicial equities. *Thielenhaus v. Thielenhaus,* 1995 OK 5, 890 P.2d 925, 934–935; *Merritt v. Merritt,* 2003 OK 68, ¶ 20, 73 P.3d 878, 884.

¶ 18 As we previously found in granting Mother's appeal-related attorney fees in *Kerby I,* the equitable considerations in this case weigh in favor of Mother. *Kerby I, 2002 OK 91* at ¶ 15, 60 P.3d at 1041–1042. Since remand, the equities have further increased in Mother's favor as Father's income has more than doubled since that time and Mother successfully sought an increase in child support. Accordingly, we grant Mother's appeal-related attorney fees in an amount to be determined by the trial court on remand.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

CONCUR: WINCHESTER, C.J., EDMONDSON, V.C.J., LAVENDER, HARGRAVE, OPALA, KAUGER, TAYLOR, COLBERT, JJ.

CONCURS IN JUDGMENT: WATT, J.