CATES v. CATES.

No. 31385. Oct. 10, 1944.

*152 P. 2d 261.*

R. N. Linville, of Elk City, for plaintiff in error.

J. Scott Vincent, of Cheyenne, for defendant in error.

PER CURIAM. This is an appeal by Edythe Cates, hereinafter referred to as defendant, from a decree of the district court of Roger Mills county which granted a divorce to Lee Cates, hereinafter referred to as plaintiff.

On May 11, 1942, plaintiff instituted an action against defendant for divorce and custody of the minor child of the parties. In his petition plaintiff alleged, in substance, that he and defendant had been married on January 24, 1940, and had had a child born of said union on June 25, 1941, and had been divorced by the district court of Oklahoma county on September 16, 1941, and had thereafter remarried on January 25, 1942; that the defendant had been guilty of numerous acts which amounted to extreme cruelty and which had made a continuance of the marital relation impossible. Plaintiff prayed for an absolute divorce and the custody of the child of the parties.

The defendant filed an answer and cross-petition and therein denied all of the acts of cruelty alleged by plaintiff, and alleged that plaintiff had been guilty of habitual drunkenness, numerous acts constituting extreme cruelty and gross neglect of duty, by reason of all of which defendant was entitled to an absolute divorce from plaintiff and the custody of the minor child, provision for his maintenance and allowance for defendant's support, together with her expenses including attorney's fees, for all of which defendant prayed judgment.

The evidence adduced at the trial was in conflict with respect to the facts and the fault, but was in substantial agreement with respect to the fact that the marital relation of the parties had been unsatisfactory and that both parties had been guilty of numerous acts which tended to destroy the marital relation. Upon the evidence so adduced the trial court found for the plaintiff and granted him an absolute divorce and gave the defendant the custody of the child and made an allowance for his maintenance in the sum of $7.50, which was subsequently increased to the sum of $10 per month, and denied defendant alimony or any allowance for expenses or attorney's fees. The defendant appeals from the judgment so rendered.

As grounds for reversal of the judgment defendant assigns seven specifications of error which are presented and discussed under two general propositions. The contentions of the defendant may be summarized as follows: (1) The evidence does not justify a divorce to the plaintiff, but does justify such relief to the defendant; (2) it was abuse of discretion to deny defendant an allowance for her attorney and expenses incurred in defense of the litigation instituted by the plaintiff.

As hereinafter pointed out, the evidence adduced at the trial was in conflict with respect to the facts and fault of the parties. However, it was sufficient to sustain a decree of divorce. It is a well-settled rule in this jurisdiction that in a divorce action where the evidence is in conflict as to the facts and the fault, but is sufficient to sustain the decree, this court will not disturb the judgment on appeal. See Nelson v. Nelson, 189 Okla. 318, 117 P. 2d 110; Bussey v. Bussey, 148 Okla. 10, 296 P. 401; Panther v. Panther, 147 Okla. 131, 295 P. 219.

As said in Riley v. Riley, 172 Okla. 460, 45 P. 2d 466:

"In action for divorce this court will consider all the evidence and weigh it to ascertain whether or not the judgment is against its weight, and if not clearly against the weight thereof, will affirm the judgment."

Under the foregoing authorities the decree as to the divorce will not be disturbed.

The contention of the defendant relative to the abuse of discretion in denying an allowance of attorney's fees and expenses incurred in the defense of the litigation instituted by the plaintiff is well taken. The plaintiff by the institution of the action compelled the defendant to employ counsel and defend herself both from the charges made and the attempt on the part of the plaintiff to obtain custody of the minor child. See Miller v. Miller, 186 Okla. 566, 99 P. 2d 515. The failure to make defendant such an allowance constitutes an error which may be corrected without the necessity of disturbing the decree or the result thereof in other respects. The trial court is therefore directed upon a hearing had for that purpose only to ascertain the reasonable and necessary expenses incurred by the defendant in the litigation, including a reasonable fee for her attorney, and to enter judgment requiring the payment thereof by the plaintiff.

Subject to the foregoing modification, the judgment and decree is in all other respects affirmed at the cost of defendant in error.

OSBORN, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur.