Marga MASTROMONACO, Appellee,

v.

Michael MASTROMONACO, Appellant.

No. 66319.

Court of Appeals of Oklahoma, Oklahoma City Divisions.

Feb. 17, 1988.

Robert E. Prince, Lawton, for appellant.

Warren H. Crane, Lawton, for appellee.

## MEMORANDUM OPINION

HUNTER, Presiding Judge:

Upon consideration of the briefs and record in the above-styled matter, the Court finds:

1. Appellant alleges error of the trial court in the award of support alimony to Appellee; in its division of real and personal property when attached, joined and coupled with the support alimony award; and in awarding attorney fees and court costs to the Appellee.

2. The only testimony offered was that of the child of the parties and of the Appellee which established jurisdiction, venue and grounds for divorce. None of the testimony was transcribed. The only other evidence presented consisted of the Appellant's exhibits 1 through 6 which were stipulated to by the Appellee. The record is completely silent as to the Appellee's monthly expenses and or need for support alimony. The Appellee's monthly gross income was $1,097.00. The Appellant's monthly gross income, consisting of his military retirement pay, was $825.00. The parties had been married 21 years, of which Appellant served 20 in the military. They had one 15 year old son still at home. They owned real estate with an equity of $17,360.85, a gun collection appraised at $1,805.00, an equity in a profit sharing program, at the Appellee's employment, with a value of $3,571.00, household goods and other personalty valued at $12,999.56 which included $2,500.00 for the Appellee's diamond ring. The trial court found the ring to be a gift and the Appellee's separate property. The trial court further found that the jointly acquired property had a total value of $33,186.42 and that each party was entitled to one half.

3. The trial court awarded specific items to the Appellant, valued at $7,134.56, and awarded the balance to the Appellee together with $49,500.00 support alimony. Finding that the property awarded to the Appellant was $9,458.65 less than half of the property, the court ordered this amount deducted from the support alimony, leaving the Appellant owing the Appellee support alimony in the amount of $40,041.35. This the court ordered paid at the rate of $333.68 per month for ten years, *beginning in one year*. (Emphasis ours).

4. The trial court erred in awarding attorney's fees to the Appellee without taking evidence as to the time spent, and the reasonableness thereof, in accordance with *State, ex rel Burk v. Oklahoma City*, 556 P.2d 591 (Okla.1976).

**1108** 

 5. Support alimony was unjustified because the evidence totally failed to demonstrate the Appellee's need. *Johnson v. Johnson*, 674 P.2d 539 (Okla.1983). Because the evidence does not support the award of support alimony, the property division then becomes inequitable and improper. The property division, the support alimony and the attorney's fee awards are REVERSED and this matter is REMANDED to grant the Appellant a new trial on those issues.

REVERSED AND REMANDED.

HANSEN and MacGUIGUAN, JJ., *concur.*