Amos Moses FINGER, Appellee,

v.

Tammy Renea FINGER, Appellant.

No. 84885.

Court of Appeals of Oklahoma,
Division No. 2.

July 23, 1996.

Lawrence E. Bonnell, Purcell, for Appellee.

Warner E. Lovell, Abel, Musser, Sokolosky, Mares, Hambrick, Burch & Kouri, Oklahoma City, for Appellant.

## OPINION

GOODMAN, Presiding Judge.

This is an appeal from an order denying mother's motion for attorney's fees and costs she sustained defending an action brought by father to modify a joint-custody plan due to a change of circumstances adversely affecting the best interests of their minor child. Based upon our review of the record on appeal, and applicable law, we affirm.

I

Plaintiff Amos Moses Finger (Father), and defendant Tammy R. Finger (Mother), were divorced in December 1992. The court later modified the decree pursuant to Father's motion, and adopted a joint-custody plan submitted by the parties for their minor daughter, C.F., born June 25, 1991. Primary custody of C.F. was vested in Father during the school year, and in Mother during summer vacation. The Order of Modification was filed June 6, 1994.

On June 30, 1994, Father filed another Motion to Modify alleging a substantial and material change of circumstances adversely affecting the welfare and best interests of C.F. had occurred in that Mother had become pregnant, was co-habitating with a man, and was exposing C.F. to drinking and

parties to the extent that Mother's neighbors had called Father to express concern about the child's welfare. Father sought modification of the decree to award him sole custody of C.F. The Court set this motion for hearing on July 29, 1994, and directed that notice be given to Mother.

In the meantime, on July 15, 1994, Father filed an Application For Emergency Custody and Visitation stating he had continued to receive calls from Mother's neighbors about C.F.'s welfare, and the latest caller reported that on July 14, 1994, C.F. had been left alone, endangering her safety and welfare. The Court issued its Ex Parte Emergency Temporary Order placing temporary custody with Father and setting Father's Motion for a Temporary Order for hearing on July 20, 1994.

After a summer of discovery, motions, an application for contempt, and several requests for continuances by Mother, a hearing on these matters and the merits of the change-of-custody issue was held October 6, 1994. The court found the joint-custody plan was not in C.F.'s best interests, dissolved the plan, awarded sole custody of C.F. to Father, granted standard visitation to Mother, and ordered her to pay child support. This order was not appealed.

Thereafter, both parties filed Motions For Attorney's Fees. Mother contended that she was entitled to have Father pay her attorney's fee based on her need and Father's ability to pay. She summed up her argument thusly: "When [Father] filed his Motion to Modify the Divorce Decree (in order to change custody of minor child from joint custody to sole custody for [Father]) [Mother] was almost seven (7) months pregnant, was unemployed and had no means of paying an attorney. Conversely, [Father] owned his

own business, made a substantial income and had received a settlement relating to a personal injury suit in the amount of Five Hundred Fifty Thousand Dollars ($550,000.00)."

Father's Motion For Attorney's Fee was premised on the fact that he was the prevailing party.

In a Journal Entry filed January 10, 1995, the trial court, without stating the basis for its ruling, denied both motions and ordered each party to pay his or her own fees. Mother appeals.

## II

■ A trial court's decision granting or denying an attorney's fee and costs will not be disturbed on appeal in the absence of an abuse of discretion. *Hester v. Hester,* 663 P.2d 727, 729 (Okla.1983). Mother contends such an abuse was committed below.[1]

■ Mother argues that in a domestic relations matter, an award of an attorney's fee is not dependent upon or affected by who is the prevailing party. She argues that the exclusive factor in determining whether one party should pay the other's attorney's fee is the means and property of the respective parties. In support of this proposition, she cites 43 O.S.1991, § 110, which provides in pertinent part:

> on granting a divorce in favor of the wife or the husband, or both, the court may require the husband or wife to pay such reasonable expenses of the other in the prosecution or defense of the action as may be just and proper *considering the respective parties and the means and property of each;* provided further, that the court may in its discretion make *additional orders relative to the expenses of any such subse-*

1. Father has filed a motion to dismiss this appeal based upon Mother's alleged "failure to post the deposit to transcribe the counter-designated transcripts selected by" Father, as required by Civil Appellate Procedure Rule 1.20(d), 12 O.S.1991, ch. 15, app. 2. Such failure "may afford a basis for dismissal of an appeal...." *Id.* We have reviewed Mother's Designation of Record and Father's counter-designation and conclude that,

while Father's counter-designation is not clearly designed to inflict a hardship on Mother, the transcripts designated by Father are unnecessary for resolution of the limited issue raised by this appeal. Furthermore, Father has not properly raised the matter on appeal by having the trial court "so certify to this court" the Mother's alleged failure to pay costs. *Id.* Father's motion to dismiss is denied.

*quent actions* ... for the enforcement *or modification of any* ... *final orders in the divorce action.* ... (Emphasis supplied by Mother.)

Mother argues *Miller v. Miller,* 186 Okla. 566, 99 P.2d 515 (1940) *cert. denied,* 311 U.S. 645, 61 S.Ct. 9, 85 L.Ed. 411 (1940), and *Cates v. Cates,* 194 Okla. 414, 152 P.2d 261 (1944), are dispositive of the issue. We disagree.

Both *Miller* and *Cates* were decided at a time when the trial court's exercise of discretion in awarding or denying an attorney's fee turned on the means and property of the respective parties. For example, *Miller* was a post-decree action for alimony in which the wife did not prevail. Nonetheless, the court held the trial court had abused its discretion in denying fees and costs to the wife because "[t]he resources of the [wife] were comparatively meager; those of the [husband] more adequate." In neither *Miller* nor *Cates* did the court specifically identify the statutory basis for its ruling. In both cases, however, the court employed the rationale of 43 O.S. 1991, § 110, *i.e.* "just and proper considering the respective parties and the means and property of each."

◼ However, 43 O.S.1991, § 110, was amended by Laws 1992, ch. 252, § 1, effective September 1, 1992. This amendment, enacted prior to the parties' divorce, reorganized the statute into subsections A through D. Payment of expenses, including an attorney's fee in original divorce and separate maintenance actions, is now covered by 43 O.S.Supp.1995, § 110(C), which states:

Upon granting a decree of divorce or separate maintenance, the court may re-quire either party to pay such reasonable expenses of the other *as may be just and proper under the circumstances.* (Emphasis added.)

A simple reading of subsection C reveals that the language relied upon by Mother, to wit: *"considering the respective parties and the means and property of each,"* was specifically stricken by the legislature in 1992. Payment of expenses, including an attorney's fee in *post-decree* actions for the enforcement or modification of any order made in the decree, is now covered by § 110(D), which provides as follows:

The court *may in its discretion* make additional orders relative to the expenses of such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or *modification* of any interlocutory or *final orders* in the divorce action made for the benefit of either party or their respective attorneys. (Emphasis added.)

Title 43 O.C.Supp.1995, § 110(D), clearly states that the court *may, in its discretion,* make additional orders relative to the expenses incurred in subsequent actions brought for the enforcement or modification of any interlocutory or final order in the divorce action. The standard for exercising such discretion should be the same standard as that set forth in § 110(C), that is, what is "just and proper under the circumstances." [2]

In considering what is just and proper under the circumstances, the court in the exercise of its discretion should consider the totality of circumstances leading up to, and including, the subsequent action for which

2. Parenthetically, it is less than clear whether, at the time *Miller* and *Cates* were decided, the court could have required the husband or wife to pay such expenses of the other as may have been "just and proper considering the respective parties and the means and property of each" in any action other than one for divorce or for alimony alone. For certain, when *Miller* was decided there was no provision in the statutory law for allowance of fees and costs in subsequent actions to enforce provisions in the final decree. Title 12 O.S.1981, § 1276, was renumbered by Laws 1989, ch. 333, § 1 (eff. Nov. 1, 1989) as 43 O.S.Supp.1995, § 110. In 1965 the statute was amended to include the proviso: "provided further, that the court may in its discretion make such additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement of any orders in the divorce decree, made for the benefit of either party or their respective attorneys." Thus, it was not until 1965 that trial courts were statutorily authorized to award fees and costs in post-decree actions.

expenses and fees are being sought. Such circumstances should include, but not be limited to: the outcome of the action for modification; whether the subsequent action was brought because one of the parties had endangered or compromised the health, safety, or welfare of the child or children; whether one party's behavior demonstrated the most interest in the child or children's physical, material, moral, and spiritual welfare; whether one party's behavior demonstrated a priority of self-interest over the best interests of the child or children; whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be; and finally, the means and property of the respective parties.

We decline to give undue weight to the single factor of prevailing party status, as Father urges, or the means and property of the respective parties, as Mother advocates. Clearly, to do so could have a chilling effect on a parent's willingness to initiate proceedings for modification of custody subsequent to the original decree of divorce, even when the other parent's actions are detrimental or contrary to the best interests of the child or children involved. Hence, it is essential for the court, in the exercise of its discretion, to take into account all relevant circumstances when adjudicating motions for fees and costs incurred by a party either prosecuting or defending post-decree enforcement or modification proceedings. *See Thielenhaus v. Thielenhaus*, 890 P.2d 925 (Okla.1995).

Viewed in this light, we hold the trial court did not abuse its discretion in denying Mother's motion for an attorney's fee and costs. Therefore, the judgment is affirmed.[3]

AFFIRMED.

BOUDREAU and STUBBLEFIELD, JJ., concur.

---

**3.** Accordingly, we deny Mother's motion for appellate fees and costs.