2007 OK 36

**Jennifer Ann KERBY, Plaintiff/Appellee,**

v.

**Robert Christopher KERBY, Defendant/Appellant.**

**No. 101228.**

Supreme Court of Oklahoma.

May 15, 2007.

M. Joe Crosthwait, Jr., and Traci L. Soderstrom, The Crosthwait Law Firm, Midwest City, OK, and Laura Haag McConnell, Hartzog, Conger, Cason & Neville, Oklahoma City, OK, for Plaintiff/Appellant/Counter Appellee.

William E. Liebel, James T. Gorton, Oklahoma City, OK, for Defendant/Appellee/Counter Appellant.

WINCHESTER, C.J.

¶ 1 The sole issue presented on appeal is whether the trial court abused its discretion in awarding attorney fees and costs to Jennifer Ann Kerby (Mother) and not Robert Christopher Kerby (Father). We find no abuse and, thus, affirm the trial court's ruling.

## I. Facts

¶ 2 Mother and Father divorced in 1995, with Mother receiving custody of the parties' two daughters. At the time of the divorce, Father's income was approximately $125,000 per year, compared to Mother's income of roughly $21,000 per year. Father was ordered to pay child support of $1,500.00 per month as well as other expenses delineated in the divorce decree.

¶ 3 In June 1999, Mother moved to modify the child support based upon an increase in Father's income to approximately $500,000.00 per year. The trial court denied modification and Mother appealed. The appeal resulted in our opinion in *Kerby v. Kerby*, 2002 OK 91, ¶ 16, 60 P.3d 1038, 1042 (*Kerby I*), wherein

we held that "the significant increase in Father's income was a material change of circumstances allowing the [trial] court to review the existing child support award." We then remanded the matter back to the trial court for a determination of whether modification was warranted in light of evidence of the children's projected expenses. *Kerby I*, 2002 OK 91 at ¶ 11, 60 P.3d at 1041.

¶ 4 After remand, the trial court granted Mother's request for modification and increased Father's monthly child support obligation from $1500.00 per month to $2800.00 per month.[1] The trial court also ordered Father to pay to Mother an arrearage of $62,400.00.

¶ 5 In Case No. 99,970, 164 P.3d 1049, 2007 WL 1429478, Mother appealed the trial court's disallowance of evidence of Father's, and his new family's, lifestyle, seeking an increase in the award of modification, and Father appealed the award of an arrearage (the Post–Remand Appeal). In the Post–Remand Appeal, also decided on this date, we affirmed the ruling of the trial court both as to the amount of support and as to the arrearage award.

¶ 6 Both parties filed applications for attorney fees and the trial court conducted a hearing solely to determine if fees and costs should be awarded to either party. The trial court awarded fees and costs to Mother, and denied Father's request. Thereafter, another hearing was held to set the amount of Mother's recoverable attorney fees and costs. After several days of testimony from counsel and the parties' various experts, the trial court awarded Mother a total of $69,194.15 in fees and costs. This sum represents $57,673.00 in attorney fees and $2,296.15 in costs for the first trial, second trial and the attorney fee proceedings, and an additional $9,225.00 for expert witness fees incurred during the attorney fees proceedings. Father appeals arguing the trial court abused its discretion in the award of attorney fees and costs to Mother.[2]

---

1. During the hearings on remand, Mother discovered Father's income had further increased to nearly $1.3 million dollars per year.

2. In her Answer Brief before COCA, Mother requested appeal-related attorney fees and costs in this case. COCA denied Mother's request for failure to cite appropriate authority. 12

## II. Award of Attorney Fees

¶ 7 The propriety of an attorney fees award in child support modification proceedings does not depend on prevailing party status but is, instead, based on a judicial balancing of the equities. *Thielenhaus v. Thielenhaus,* 1995 OK 5, 890 P.2d 925, 934–935; *Merritt v. Merritt,* 2003 OK 68, ¶ 20, 73 P.3d 878, 884. In *Thielenhaus,* the Supreme Court reiterated the rule established by 43 O.S. Supp.2003 § 110 (D), that either spouse may be required to pay the reasonable expenses of the other.[3] *Thielenhaus,* 1995 OK 5 at ¶ 19, 890 P.2d at 934–35. In making this determination, *Thielenhaus* directs the trial court to take into account what is just and equitable considering the respective parties and the means and property of each and only grant attorney fees to that litigant who qualifies for the benefit through the process of a judicial balancing of the equities. *Thielenhaus,* 1995 OK 5 at ¶ 19, 890 P.2d at 934–35.

¶ 8 The reasonableness of attorney fees rests in the sound discretion of the trial court and, in the absence of an abuse of discretion, the trial court's award thereof will not be disturbed on appeal. *Merritt v. Merritt,* 2003 OK 68, ¶ 20, 73 P.3d 878, 884. Father argues Mother is not entitled to recover attorney fees and costs because she maintained unreasonable case positions, abused the discovery process, and failed to accept his proffered settlement. The trial court heard evidence from Mother's counsel and her expert, as well as Father's expert. Mother's expert opined that the time spent by Mother's counsel was reasonable given the type of case, the issues presented, time involved, the standards within the legal community and the expertise of her attorneys.

¶ 9 The trial court balanced the equities, determined the credibility of the witnesses and issued a detailed order. The trial court's total award reflects deductions made by the trial court, from Mother's requested amount, for duplicative fees, fees inconsistent with community standards, and paralegal fees that were clerical in nature. After reviewing the record, we cannot say the trial court abused its discretion in awarding Mother her attorney fees and denying Father's request for the same. As recognized by COCA, the time expended by Mother's counsel, especially after reduction by the trial court, was not unreasonable given the time, issues and labor involved for the three stages (first trial, remand trial, and attorney fees hearings) of this vigorously contested modification proceeding.[4] As such, the trial court's ruling is affirmed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; JUDGMENT OF THE DISTRICT COURT AFFIRMED.

ALL JUSTICES CONCUR.

---

O.S.Supp.2004 § 696.4 (C) and Okla.Sup.Ct.R. 1.14. Mother did not appeal this ruling.

**3.** Title 43 O.S.Supp.2003 § 110 (D) provides: "Upon granting a decree of dissolution of marriage, annulment of a marriage, or legal separation, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances."

**4.** In fact, Father's request for attorney fees reveals that Father's fees of over $67,000.00, for the remand hearing alone, were considerably higher than Mother's requested fees for all phases of this matter.