2011 OK CIV APP 4

**In re the Marriage of Amy B. GUYMER, now LeWarne, Petitioner/Appellee,**

v.

**Geoffrey D. GUYMER, Respondent/Appellant.**

**No. 107,441.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Dec. 3, 2010.

---

**9.** Because of this ruling, we need not address Mother's procedural challenges to the November 6, 2008, hearing.

George H. Brown, Ryan W. Hearne, Brown & Gould, P.L.L.C., Oklahoma City, OK, for Petitioner/Appellee.

Jami J. Fenner, Lester, Loving, & Davies, P.C., Edmond, OK, for Respondent/Appellant.

KENNETH L. BUETTNER, Presiding Judge.

¶1 The dispositive question before this Court is whether the trial court erred when it denied Respondent/Appellant Geoffrey D. Guymer's (Father) Motion to Modify Visitation. We hold that the 2008 Order of the District Court which decreed that "... all future visitation between the Respondent [Father] and the Minor Child shall be initiated and coordinated solely by Dr. Steiner [Child's clinical psychologist and not an arm of the court] and at his direction ..." was an erroneous divestiture of jurisdiction by the

District Court, which adversely affected the statutory rights of Father and Child. We reverse.

¶2 Father and Petitioner/Appellee Amy B. Guymer, now LeWarne (Mother), were married June 8, 1985 and their Dissolution of Marriage Decree was filed August 31, 2005 in Oklahoma County, Oklahoma. Three children were born of the marriage. Mother was granted custody of the two daughters and both parents were granted joint custody of the son. It is the younger daughter, who moved with Mother to Iowa, whose visitation schedule Father wishes to modify.

¶3 On January 18, 2006, Mother filed a Notice to Respondent of Intention to Relocate Residence of Child to Iowa. She proposed a visitation change to every spring and fall break, half of Christmas and every other Thanksgiving, as well as the whole month of June and the first two weeks of August. An Order granting the Motion was entered March 17, 2006 with a generous, although not identical, visitation schedule. By January 2008, however, Father filed a Motion to Enforce Visitation and Information for Citation for Indirect Civil Contempt, alleging willful disregard of the Court's visitation order. Father claimed he had had no visitation with E.B.G. since the move to Iowa. The August 22, 2008 Order, part of which was cited above, was the result of the parties' filings and which Father sought to modify, leading to the present appeal.

¶4 In equitable proceedings, the reviewing court affirms the trial court's decision, "... unless the record reveals some error of law or the trial court's decision is clearly against the weight of the evidence." *Kulscar v. Kulscar*, 1995 OK CIV APP 64, ¶4, 896 P.2d 1206, 1208. In the case at bar, the trial court improperly divested itself of jurisdiction over the child and placed all authority with respect to visitation in a private psychologist. This is error and we reverse. Title 43 O.S.Supp.2003 § 112 [1] places on the court the duty to make orders concerning visitation between the non-custodial parent and a minor child, after the filing of petitions which separate the parent and minor child,

1. Subsequent amendments in 2006, 2007, and 2009 do not change our pronouncement.

unless it is not in the child's best interests. A similar situation arose in *In re the Marriage of Elmer*, 936 P.2d 617 (Colo.Ct.App. 1997), in which the trial court ordered all visitation exchanges be supervised and that no overnight visits occur until the summer of 1996, and then, only with the consent of the child's psychiatrist. Like Oklahoma, Colorado's statutory scheme requires the court to enter orders relating to parenting time, and to consider the best interests of the child as paramount in its consideration. The *Elmer* Court stated, at p. 621, "However, we know of no authority that would authorize the trial court to defer indefinitely the decision for exercise of overnight visitation and to delegate that decision to the child's psychiatrist." It then concluded that the trial court had no such authority. In *In re Donnovan*, 58 Cal. App.4th 1474, 68 Cal.Rptr.2d 714 (1997), the California court noted that the court, in dependency cases has the authority to regulate visitation, and that private therapists, unlike protective service agency workers, are not arms of the court.

¶ 5 In the present case, the therapist disobeyed the court's order. He failed to initiate any contact with father. The therapist placed the burden on Father to make contact. When asked about a family situation with the son, the following ensued on cross examination[2] at the hearing on the Motion to Modify Visitation:

A. Well, it's been my impression that E. (the Child) is telling me what she's heard that makes her concerned.

Q. I understand. Have you checked with Geoff [Father] about this?

A. No, I haven't had a chance to talk with him about it.

Q. Why not?

A. Cause I haven't had a call from him in the last month or two.

Q. Well, I think all communication is supposed to be initiated and coordinated through you; isn't it?

A. I don't believe initiated is the word.

Q. I believe that's exactly what it says here: Visitation initiated and coordinated solely through Dr. Steiner at your direction.

¶ 6 Father testified that he attempted to call Dr. Steiner's Iowa office after each meeting, but he usually just talked with Lisa, the receptionist, who would set up an appointment for him to talk with Dr. Steiner. Father stated that his offer to go to Iowa for an in person meeting was refused. He testified to the trouble he had in finding out when Dr. Steiner had sessions with E.B.G. After the April 2006 order, Dr. Steiner authorized no communication or visitation between Father and E.B.G. and did not foresee authorizing any visitation.

¶ 7 It is contrary to our law for the trial court to delegate its authority over visitation to a private party and the trial court erred when it denied Father's Motion to Modify Visitation. We reverse and remand on this ground.

¶ 8 The trial court also modified the child support order to reflect that only one minor remained in need of support. However, the trial court did not consider Father's loss of job and inability to obtain a job with the same compensation when it imputed to Father his previous wage. We reverse the order insofar as the imputed wages to Father. We remand that issue and direct that the trial court re-examine the financial situations of the parties. At the time the Order was entered, June 19, 2009, Father had recently been laid off from his work. The trial court based the child support gross amount for Father at his old salary ($6,063/mo) on the ground that he had not attempted to secure other employment since he was laid off. However, there was testimony that the only jobs available to Father were at one-half of his previous pay. While Father's decision to return to school required imputation of some amount of income, imputation of his prior income that was no longer available under the undisputed evidence was an abuse of discretion.

¶ 9 Finally, we reverse the award of attorney fees and costs in favor of Mother. In this case, the trial court abused its discretion in awarding fees and costs to Mother.

---

2. Dr. Steiner appeared telephonically.

*Finger v. Finger,* 1996 OK CIV APP 91, 923 P.2d 1195. Father and Child's statutory rights were adversely affected by the 2008 order when it delegated Father's visitation with his daughter to a private therapist.[3] The result of which was to deny Father all visitation, which was not supported by the evidence. Father was required to seek a modification of the order to obtain visitation. Equitable considerations do not weigh in favor of an award of attorney fees to Mother.

¶ 10 Mother's request for attorney's fees on appeal is denied.

¶ 11 REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, J., and HETHERINGTON, J., concur.

**3.** Father's March 11, 2009 Motion to Modify Visitation alleged the facts upon which he based his motion:

> (IV): Since the date of the last modification pursuant to the Court's Orders of the 25th day of June, 2008, Respondent has been unable to communicate with the minor child, [E], despite repeated requests through Dr. Brian J. Steiner. Petitioner [sic] has not been able to personally visit with, speak with by telephonic means, write to, or otherwise communicate with his daughter in any way.

\* \* \* \*

> (VI): Petitioner has failed to effectuate regular meetings between Dr. Steiner and [E], and meetings have only been scheduled pursuant to Respondent's request to Dr. Steiner's office. However, after more than a year of treatment, the relationship between Respondent and his daughter has diminished to nothing. The Motion to Modify Visitation asserts the trial court has jurisdiction. It is not until the appellate level that the question of unlawful delegation of authority is presented.