2013 OK CIV APP 54

### In re the Marriage of Jill Ann SMITH, Petitioner/Appellee,

v.

### Randall Carr SMITH, Respondent/Appellant.

### No. 110,598.

Court of Civil Appeals of Oklahoma, Division No. 3.

May 3, 2013.

Jon Hester, Hester, Schem, Hester & Deason, Edmond, Oklahoma, for Petitioner/Appellee,

Jay F. McCown, Quick, McCown, Spradlin & Smith, Oklahoma City, Oklahoma, for Respondent/Appellant.

WM. C. HETHERINGTON, JR., Presiding Judge.

¶ 1 Randall Carr Smith (Husband) appeals from an order awarding Jill Ann Smith (Wife) attorney fees following hearing and a 2011 order favoring Wife on her requests to set child support, determine arrearage, set current support and to recover medical and other expenses. Husband raises one proposition of error arguing the trial court erred when it awarded attorney fees to Wife without a *"Burk"* hearing and without required facts or computations to explain the award. Finding an evidentiary hearing and fact conclusions supporting a computation were required in this case, we reverse and remand the order.

## FACTS

¶ 2 Following the parties' 2002 divorce, a decree was entered which initially ordered Wife to pay Husband child support as a part of a shared joint custody plan. Child support was to be recalculated after Husband gained employment. Medical expenses were to be shared and documentation exchanged to support the expense. The record before us indicates no substantial compliance with the orders.

¶ 3 In June, 2010, Wife filed a motion to set child support, determine arrearage, set un-reimbursed medical expenses and grant her a judgment. Trial took place January 24, 2011, and ultimately an award, considering set-offs, was entered in Wife's favor ordering Husband to pay Wife $7,113.36. A March, 2011 application for attorney fees and costs was filed by Wife seeking $18,245.40 in attorney fees and costs. Husband responded with objection twenty-four days later on April 15, 2011. Neither party requested an evidentiary hearing, and eleven months later, February 6, 2012, the trial court entered an order, in relevant part as follows:

Plaintiff's Application for Attorney Fees and Costs is sustained as follows: Plaintiff should be and is hereby granted a judg-

ment against the Defendant in the amount of $10,780.00 for attorney fees and the sum of $146.50 for costs which results in a total judgment of $10,926.50.

Husband timely filed a motion to reconsider which the trial court denied by order filed March 26, 2012. Husband's appeal followed.

## STANDARD OF REVIEW

¶ 4 Husband's sole proposition presents a question of law. Husband asserts the holdings in *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659, 661 required the trial court to conduct an evidentiary hearing, apply the *Burk* criteria, and set forth specific facts and computation to support the award.[1] Husband argues the trial court failed to use the proper legal procedure in its determination of the attorney fee award. We review this question *de novo. Finnell v. Jebco Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339, 342.

## ANALYSIS

¶ 5 Title 43 O.S.Supp 2010 §§ 110(D) and (E) allow for one party to pay the attorney fees of the other party in a post-divorce action. While this is a statute that allows for attorney fee awards as may be just and proper under the circumstances, there are no criteria set out for court consideration and application. Determination of an attorney fee award requires the trial court to exercise its discretion and consider the totality of circumstances leading up to and including the subsequent action for which expenses and fees are being sought. *Finger v. Finger,* 1996 OK CIV APP 91, ¶ 14, 923 P.2d 1195. The circumstances are case specific and can include but are not limited to: the outcome of the motion action; whether the action was brought because one of the parties had endangered or compromised the health, safety, or welfare of a child; the demonstrated behavior of one party and whether the behavior demonstrated a priority of self-interest; whether one party complicated or delayed the proceedings, or made the subsequent liti-

gation more vexatious than it needed to be; and the means and property of the respective parties. *Id.,* ¶ 14. These criteria are similar to those set out in *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 11, 598 P.2d 659, 661, for determination of a reasonable attorney fee and possible "loadstar" "incentive fee" or "bonus fee", in the absence of a contract or statute fixing the amount. *Id.,* ¶ 17.

¶ 6 More specific to this case, *Burk* held: Hereafter, attorneys in this state should be required to present to the trial court detailed time records showing the work performed and offer evidence as to the reasonable value for the services performed for different types of legal work. Reasonable value of services should be predicated on the standards within the local legal community. This will enable trial courts to remove the fixing of attorney fees, not only in this type of action, but in every case, from the realm of speculation and guesswork into the area of simple mathematical computation. The trial court may then, with certainty, determine the compensatory fees. *Id.* at ¶ 20.

¶ 7 The question of whether or not *specific Burk* factors are to be applied to the determination of attorney fees in domestic relations cases remained unanswered as late as 1992. In *State ex rel. Oklahoma Bar Ass'n v. Fagin,* 1992 OK 118, ¶ 20, 848 P.2d 11, 15, the Court determined results achieved may not be included as a factor setting attorney fees as a contract term. The Court noted arguments following the bad faith action opinion of *Oliver's Sports Center v. National Standard Ins. Co.,* 1980 OK 120, 615 P.2d 291, that *Oliver* extended the *Burk* factors to all types of actions including domestic relations cases. *Fagin,* ¶ 20. But the *Fagin* Court went on to say:

In another case, the court concluded that the trial court erred in awarding attorney's fees without first taking evidence as to the time spent, and the reasonableness thereof, in accordance with *Burk. Mastromona-*

1. Husband does not challenge on appeal, as he did below, the reasonableness of attorney time pled in Wife's motion, case complexity or whether, "... Mother prevailed on the majority of the

issues," which would require an abuse of discretion review standard. *Morgan v. Galilean Health Enterprises, Inc.,* 1998 OK 130, 977 P.2d 357, 364.

co v. Mastromonaco, 751 P.2d 1106 (Okla. Ct.App.1988). Most recently, a Court of Appeals decision held that if a trial court determines that attorney's fees should be awarded, then the amount must be fixed in accordance with *Burk*. *O'Connor v. O'Connor*, 813 P.3d [P.2d] 544 (Okla.Ct.App. 1991). We decline to rule at this time as to the correctness of these decisions, Because (sic) they do not appeal the issue of a contract between an attorney and his client. *Id.*, ¶ 25.

The *Fagin* Court determined:

However, there is no language in *Oliver's Sports Center* to indicate that all the factors of *Burk* are to be used in setting a fee in a domestic relations action. Although we do not at this time pronounce which factors may be considered by an attorney in charging attorney's fees or a court in awarding attorney's fee (sic) in a domestic relations action, we hold that Rule 1.5(d) forbids an attorney from charging a fee based upon the results obtained in a divorce action. *Id.*, ¶ 20.

 ¶ 8 Finally [2], unless the parties stipulate to the amount of the attorney fee award, *"permissible recovery must be set upon and supported by evidence presented in an adversary proceeding,* in which the facts and computation upon which the trial court rests its determination are set forth *in the record*

with a high degree of specificity." (Emphasis in original.) *Morgan v. Galilean Health Enterprises, Inc.*, 1998 OK 130, ¶ 15, 977 P.2d 357, 364; *see also Atwood v. Atwood*, 2001 OK CIV APP 48, ¶ 72, 25 P.3d 936, 951.

¶ 9 When, as here, issues are raised as to amount of time spent and complexity of the case or trial in opposition to a domestic relations attorney fee request, an evidentiary hearing is required. Guided by case law applying the *Burk* factors in domestic relations cases, we further find the trial court is required, in its judicial balancing of the equities, to consider the specific circumstances of each case, applying any criteria, including, but not limited to the *Burk* criteria, which in the trial court's discretion it deems relevant to a determination of allowable attorney fees.

¶ 10 Following *de novo* review, we find the trial court erred as a matter of law. Case **REVERSED AND REMANDED** consistent with this opinion.

MITCHELL, J., and GOREE, J., concur.

---

**2.** We will not consider Wife's Proposition II regarding the untimeliness of Husband's response in objection to Wife's attorney fee request as not raised for almost a year below and is unpersuasive.