BRISCOE v. BRISCOE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BRISCOE v. BRISCOE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BRISCOE v. BRISCOE
2019 OK CIV APP 6
438 P.3d 824
Case Number: 116515
Decided: 11/29/2018
Mandate Issued: 01/30/2019
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2019 OK CIV APP 6, 438 P.3d 824

 

IN THE MARRIAGE OF:

MICHELLE J. BRISCOE, Petitioner/Appellee,
v.
MICHAEL R. BRISCOE, Respondent/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE MARTHA OAKES, TRIAL JUDGE

AFFIRMED

Rachel Bussett, Ashley Weyland, BUSSETT LEGAL GROUP, PLLC, Oklahoma City, Oklahoma, for Respondent/Appellant

Edward Goldman, GOLDMAN LAW, PLLC, Oklahoma City, Oklahoma, for Petitioner/Appellee

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 This appeal arises from the parties' post-divorce proceedings. Michael R. Briscoe (Father) appeals from the trial court's order awarding attorney fees to Michelle J. Briscoe (Mother). Prior to awarding attorney fees to Mother, the trial court, in August 2017, entered an order sustaining the motion of Mother to require Father "to Pay his Share of Health Insurance Premium." In particular, the trial court ordered Father to pay Mother "$136.50 per month as his share of the children's health insurance premium commencing August 1, 2017 . . . ." Mother then filed an application for attorney fees and costs expended in relation to this health insurance issue. Following a hearing on Mother's application for attorney fees, the trial court entered an order in October 2017 awarding Mother $2,282.50 in attorney fees.[1] This award is equivalent to the total amount of fees sought by Mother for 8.3 hours billed at $275 per hour.

¶2 Based on our review, we affirm.

STANDARD OF REVIEW

¶3 The fundamental question raised on appeal concerns the proper construction of the attorney fee statute at issue -- 43 O.S. 2011 § 110(D) & (E). Questions of statutory construction "are questions of law that we review de novo and over which we exercise plenary, independent, and non-deferential authority. The primary goal of statutory construction is to ascertain and follow the intent of the Legislature." Welch v. Crow, 2009 OK 20, ¶ 10, 206 P.3d 599 (footnotes omitted).

ANALYSIS

¶4 On appeal, Father argues the trial court misapplied § 110(D) & (E) by, among other things, failing to "weigh the judicial equities." To the extent Father is arguing the trial court altogether failed to undertake a judicial balancing of the equities,[2] there is no indication in the record that the trial court failed in this regard, and error is not presumed on appeal.[3] In fact, the record demonstrates that a judicial balancing of the equities properly occurred. As set forth in Mother's application for attorney fees, Mother expressly sought fees

pursuant to Title 43 O.S. [§ 110(D) & (E)] and Kerby v. Kerby, [2007 OK 36,] 164 P.3d 1053 . . . , wherein it states that attorney fees may be awarded to the party "who qualifies for the benefit through the process of a judicial balancing of the equities."

Moreover, at the attorney fee hearing, it was counsel for Father, not Mother, who objected to the presentation of argument and evidence relevant to the Finger factors.[4] For example, Mother's counsel stated at the hearing that Father's "joint tax return showed $61,366 as wages" for the previous year, and counsel for Father objected on the basis that Father's wages have no bearing on the attorney fee request. Counsel for Mother responded by stating, "It has to do with ability to pay and the balancing of the equities," and the trial court overruled Father's objection.

¶5 Although Father asserts on appeal that "[Mother] never cited these factors and/or argued these factors" and, therefore, "the Court did not have any way to balance the equities and award attorney fees," a review of the record reveals that Mother cited appropriate authority and presented argument and evidence directly relevant to a judicial balancing of the equities. Therefore, to the extent Father is arguing the trial court altogether failed to undertake a judicial balancing of the equities, we find Father's argument to be without merit.

¶6 Father also argues the trial court's determination is not "in accordance with Finger and Burk."[5] Indeed, Father spends a great deal of time in his appellate brief discussing the interplay and significance of Finger and Burk, and he asserts the trial court erred in failing to apply all of the "almost 15-18 factors between the two cases." Father asserts, "The Burk factors are one of the most important piece[s] of law in assessing an attorney fee request and [Mother] failed to address this standard in any pleading or hearing." However, a review of the Oklahoma Supreme Court decisions addressing challenges to § 110 attorney fee awards over the past two decades reveals that the Burk factors play a somewhat different role in such cases than they play in the context of determining an appropriate fee award under mandatory prevailing party fee statutes.[6] The distinctive analysis applied in these cases stems from the distinctive statutory language at issue. As indicated, the applicable statutory provisions in the present case are found in 43 O.S. 2011 § 110, and read as follows:

D. Upon granting a decree of dissolution of marriage, annulment of a marriage, or legal separation, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances.

E. The court may in its discretion make additional orders relative to the expenses of any such subsequent actions, including but not limited to writs of habeas corpus, brought by the parties or their attorneys, for the enforcement or modification of any interlocutory or final orders in the dissolution of marriage action made for the benefit of either party or their respective attorneys.

¶7 By way of contrast, 43 O.S. 2011 § 111.1(C)(3), for example, provides as follows:

Unless good cause is shown for the noncompliance, the prevailing party shall be entitled to recover court costs and attorney fees expended in enforcing the order and any other reasonable costs and expenses incurred in connection with the denied child support or denied visitation as authorized by the court.

¶8 The attorney fees in this case were awarded under § 110(D) & (E), not under a mandatory prevailing party fee statute like § 111.1(C)(3). Under such circumstances, a "judicial balancing of the equities" has consistently controlled both the initial determination as to whether one party is entitled to attorney fees under § 110, and the ultimate determination of what is "just and proper under the circumstances." In our view, the Burk factors persist under § 110, but only in a circumscribed intermediate role between these two determinations; that is, the factors set forth in Burk become relevant and should be applied in the context of a § 110 attorney fee request when a party specifically challenges the reasonableness of the total fee sought by the party entitled to fees.[7] See Smith v. Smith, 2013 OK CIV APP 54, ¶ 9, 305 P.3d 1054 (Burk must be applied in the context of a § 110 attorney fee request "[w]hen . . . issues are raised as to amount of time spent and complexity of the case . . . ." (emphasis added)).[8] However, under § 110, the trial court is charged with ultimately awarding only such reasonable expenses "as may be just and proper under the circumstances," and thus the ultimate determination should be based on equitable factors such as the economic resources of the parties and the parties' behavior with regard to the welfare of their children -- factors which would not be applied in the context of awarding fees pursuant to a mandatory prevailing party attorney fee statute.[9]

¶9 Here, because Father did not specifically challenge the reasonableness of the total fee sought by Mother, we reject Father's argument that the trial court erred as a matter of law in failing to apply the Burk factors.[10] Cf. Smith, 2013 OK CIV APP 54, ¶ 9 (Because such a specific challenge was made in Smith, the Smith Court reversed and remanded for a hearing "including, but not limited to the Burk criteria[.]").

¶10 As to the Finger factors and related equitable considerations, even Father admits the "outcome of the [underlying] case" and the "means and property of the [Father]" were forwarded below in support of the attorney fee request. Moreover, in addition to evidence presented showing Father has some ability to pay, counsel for Mother stated at the attorney fee hearing that "this [i.e., the underlying proceeding involving the insurance issue] was such a simple case," yet "[Father] has not been at all economical in this entire case" -- "[i]t's been a waste of my client's time and money and mine too." The trial court agreed, stating, "[T]he Court will find that [Father] . . . delayed it," and the trial court further stated,

Bottom line is the insurance plan, the numbers speak for themselves, and it was just an unnecessary process to just look at the insurance plan. And it sets out what the different plans are, the costs, and what the costs is for employee, employee plus children, and it has it separated out, it's clear on its face[.][11]

¶11 The trial court in this case properly undertook a judicial balancing of the equities consistent with § 110(D) & (E).[12] Consequently, we affirm the trial court's order.

CONCLUSION

¶12 Under § 110(D) & (E), the determination as to entitlement to fees, and the determination of the ultimate amount that is "just and proper under the circumstances," are equitable determinations that require a judicial balancing of the equities. However, the ultimate determination as to the proper amount of reasonable fees to be awarded to one party -- although an equitable determination -- cannot be properly made if the trial court is equipped only with an uncertain and disputed amount of total reasonable fees from which to make the equitable award. For this reason, we agree that Burk retains the role under § 110 specified herein. However, because Father did not specifically challenge the reasonableness of the fee sought by Mother, no error occurred in failing to apply the Burk factors in advance of the ultimate equitable determination. Accordingly, we affirm.

¶13 AFFIRMED.

RAPP, J., and GOODMAN, J., concur.

FOOTNOTES

[1] Mother was also awarded costs resulting in a total award of $2,409.14.

[2] As explained by the Oklahoma Supreme Court, "In determining whether to award attorney fees, the trial court should consider what is just and equitable after taking into account the means and property of each party. A party should be awarded attorney fees only if they qualify for the benefit through a judicial balancing of the equities." Childers v. Childers, 2016 OK 95, ¶ 29, 382 P.3d 1020 (footnotes omitted). See also Boatman v. Boatman, 2017 OK 27, ¶ 17, 404 P.3d 822 ("In matrimonial litigation, a party should be awarded attorney fees only if they qualify for the benefit through a judicial balancing of the equities considering the means and property of each party." (footnote omitted)).

[3] "On appeal, this Court will not presume error. The appellant must affirmatively show the alleged error from the record on appeal. Otherwise, this Court will presume that no prejudicial error was committed by the trial court." Fleck v. Fleck, 2004 OK 39, ¶ 12, 99 P.3d 238 (citation omitted).

[4] See Finger v. Finger, 1996 OK CIV APP 91, 923 P.2d 1195, where this Court explained:

In considering what is just and proper under the circumstances, the court in the exercise of its discretion should consider the totality of circumstances leading up to, and including, the subsequent action for which expenses and fees are being sought. Such circumstances should include, but not be limited to: the outcome of the action for modification; whether the subsequent action was brought because one of the parties had endangered or compromised the health, safety, or welfare of the child or children; whether one party's behavior demonstrated the most interest in the child or children's physical, material, moral, and spiritual welfare; whether one party's behavior demonstrated a priority of self-interest over the best interests of the child or children; whether either party unnecessarily complicated or delayed the proceedings, or made the subsequent litigation more vexatious than it needed to be; and finally, the means and property of the respective parties.

Id. ¶ 14. Finger was cited with approval in Abbott v. Abbott, 2001 OK 31, ¶ 11, 25 P.3d 291.

[5] State ex rel. Burk v. City of Okla. City, 1979 OK 115, 598 P.2d 659.

[6] In fact, over the past twenty years the Oklahoma Supreme Court has consistently avoided any mention of, or citation to, Burk in the context of reviewing challenges to § 110 attorney fee awards. See Childers v. Childers, 2016 OK 95, 382 P.3d 1020; Foshee v. Foshee, 2010 OK 85, 247 P.3d 1162; Nichols v. Nichols, 2009 OK 43, 222 P.3d 1049; Kerby v. Kerby, 2007 OK 36, 164 P.3d 1053; King v. King, 2005 OK 4, 107 P.3d 570 (Burk cited in dissent only); Fulsom v. Fulsom, 2003 OK 96, 81 P.3d 652; McCabe v. McCabe, 2003 OK 86, 78 P.3d 956; Merritt v. Merritt, 2003 OK 68, 73 P.3d 878; Casey v. Casey, 2002 OK 70, 58 P.3d 763; Jackson v. Jackson, 2002 OK 25, 45 P.3d 418; Daniel v. Daniel, 2001 OK 117, 42 P.3d 863; Abbott v. Abbott, 2001 OK 31, 25 P.3d 291; Jackson v. Jackson, 1999 OK 99, 995 P.2d 1109; Larman v. Larman, 1999 OK 83, 991 P.2d 536; and Stepp v. Stepp, 1998 OK 18, 955 P.2d 722. Interestingly, the sole exception to these cases is a recent Supreme Court decision addressing this issue -- Boatman v. Boatman, 2017 OK 27, 404 P.3d 822. However, the Boatman Court mentioned Burk only in the process of setting forth the arguments of the parties. The Boatman Court stated:

In a separate companion case, Mother argues that the trial court erred because it "summarily addressed" the awarding of fees from the bench without holding a Burk hearing. State ex rel. Burk v. City of Oklahoma City, 1979 OK 115, ¶ 3, 598 P.2d 659, involved the "equitable fund doctrine," which posits that attorneys who succeed in creating or preserving a fund [through] litigation have a right to receive fees paid from the fund. It set out criteria to help judges determine the reasonableness of attorney fees. Mother culled a line from the opinion which stated that "the trial court should set forth with specificity the facts, and computation to support his award," and seems to argue that anytime a judge does not make findings on the record regarding hours spent and reasonable hourly rates in a "Burk hearing," reversal is warranted.

Boatman, ¶ 15 (footnotes omitted). In the remainder of its analysis, the Boatman Court neither mentioned nor cited Burk, and, at least impliedly, appears to have rejected the party's arguments that, as a matter of law, a Burk hearing must be held in determining § 110 fee requests and that Burk findings must be made. See Boatman, ¶¶ 16-17.

[7] After all, § 110 allows only for "such reasonable expenses of the other[.]" (Emphasis added.)

[8] See also Robert G. Spector & Carolyn S. Thompson, The Law of Attorney Fees in Family Law Cases, 69 Okla. L. Rev. 663, 679-82 (Summer 2017), and Robert G. Spector, Oklahoma Family Law -- The Handbook 179-182 (2018).

[9] Citing Finger, a United States Bankruptcy Appellate Panel for the Tenth Circuit articulated the law in Oklahoma as follows:

An award of attorney fees in a divorce proceeding depends on what is just and proper under the circumstances, including, but not limited to, the outcome of the action, the reason for the action, the parties' behavior with regard to the welfare of their children, whether either party unnecessarily complicated or delayed the proceedings or made the litigation more vexatious than it needed to be, and the means and property of the parties.

In re Lowther, 266 B.R. 753, 758-59 (B.A.P. 10th Cir. 2001), aff'd, 321 F.3d 946 (10th Cir. 2002).

[10] Father did argue below to the effect that the absence of any analysis of the Burk factors in Mother's motion, by itself, constituted error. Father argued at the hearing that the "attorney fee motion is facially invalid" because it "does not address the Burk factors, which are required by law to determine reasonableness." However, although this argument raises a legal question as to the proper application of § 110, it does not constitute a specific challenge under the Burk factors to the reasonableness of the total fee sought by Mother. Father also argues that Mother was awarded attorney fees for "issues that [Mother's] counsel created." At first glance, this argument appears to constitute a challenge under Burk to the reasonableness of the total number of hours sought by Mother. However, even taking Father's assertions as true in this regard -- that a hearing date had to be continued in order to avoid a statutory or constitutional violation -- Father framed this challenge as an equitable argument at the hearing below, stating, "I think it's inequitable to bill him for that." Moreover, at the end of this section of Father's appellate brief, he states: "The hearing was moved, and [Mother] did not this time seek the fees associated with moving the hearing." Br.-in-chief at 22 (emphasis added).

[11] As to whether Father unnecessarily delayed the proceedings, we note that this factor was analyzed below in the context of a judicial balancing of the equities. It was not made under the rubric of a trial court's inherent equitable power to sanction a party for "vexatious and wanton behavior" as suggested by Father in his appellate brief.

[12] Of course, as set forth above, the trial court awarded Mother all of her requested fees. This determination is not, as a matter of law, inconsistent with a judicial balancing of the equities. To the extent Father is raising more than this legal issue pertaining to the proper interpretation of § 110, and is also attacking the factual basis of the award, the trial court is granted discretion in this regard and its decision will not be overturned unless "its decision has no rational basis in evidence." Childers, 2016 OK 95, ¶ 28 (footnote omitted). The following equitable factors weigh in favor of awarding attorney fees to Mother: whether either party unnecessarily complicated or delayed the proceedings or made the subsequent litigation more vexatious than it needed to be; the means and property and ability of Father to pay; the outcome of the underlying action; and the totality of circumstances leading up to and including the subsequent action for which expenses and fees are being sought. Finger, ¶ 14. We conclude the trial court's decision to award Mother all of the reasonable attorney fees expended in these proceedings is supported by the equities and is not without any rational basis in the evidence.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1996 OK CIV APP 91, 923 P.2d 1195, 67 OBJ 274, Finger v. Finger,
Discussed
 2013 OK CIV APP 54, 305 P.3d 1054, SMITH v. SMITH
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2001 OK 31, 25 P.3d 291, 72 OBJ 1058, ABBOTT v. ABBOTT
Discussed at Length
 2001 OK 117, 42 P.3d 863, 72 OBJ 3708, DANIEL v. DANIEL
Discussed
 2002 OK 25, 45 P.3d 418, JACKSON v. JACKSON
Discussed
 2002 OK 70, 58 P.3d 763, CASEY v. CASEY
Discussed
 2003 OK 68, 73 P.3d 878, MERRITT v. MERRITT
Discussed
 2003 OK 86, 78 P.3d 956, MCCABE v. MCCABE
Discussed
 2003 OK 96, 81 P.3d 652, FULSOM v. FULSOM
Discussed
 2004 OK 39, 99 P.3d 238, FLECK v. FLECK
Discussed
 2005 OK 4, 107 P.3d 570, KING v. KING
Discussed
 2007 OK 36, 164 P.3d 1053, KERBY v. KERBY
Discussed at Length
 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed
 2009 OK 43, 222 P.3d 1049, NICHOLS v. NICHOLS
Discussed
 2010 OK 85, 247 P.3d 1162, FOSHEE v. FOSHEE
Discussed
 2016 OK 95, 382 P.3d 1020, CHILDERS v. CHILDERS
Discussed at Length
 2017 OK 27, 404 P.3d 822, BOATMAN v. BOATMAN
Discussed at Length
 1979 OK 115, 598 P.2d 659, STATE EX REL. BURK v. CITY OF OKLAHOMA CITY
Discussed at Length
 1999 OK 99, 995 P.2d 1109, 70 OBJ 3755, Jackson v. Jackson
Discussed
 1998 OK 18, 955 P.2d 722, 69 OBJ 930, STEPP v. STEPP
Discussed
 1999 OK 83, 991 P.2d 536, 70 OBJ 3260, Larman v. Larman
Discussed
Title 43. Marriage
 Cite
Name
Level

 43 O.S. 110, Orders Concerning Property, Children, Support and Expenses
Discussed at Length
 43 O.S. 111.1, Order to Provide Minimum Visitation for Noncustodial Parent - Violation of Order
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA